KC **FILED**
DEC 18 2007
DEC 18, 2007
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees, <br><br> Plaintiffs, <br><br> v. <br><br> TROPICAL CARPENTRY & WINDOWS, INC., and MADISON CONSTRUCTION COMPANY, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | CIVIL ACTION <br><br> 07CV7103 <br> JUDGE LEINENWEBER <br> MAGISTRATE JUDGE COX |

## COMPLAINT

Plaintiffs, the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, et al., by their attorney, Raymond J. Sanguinetti, complain of the Defendants, TROPICAL CARPENTRY & WINDOWS, INC. ("TROPICAL"), and MADISON CONSTRUCTION COMPANY, INC. ("MADISON"), as follows:

### Alter-Ego Audit Collection
### (TROPICAL & MADISON)

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

2. The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE

PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

3. TROPICAL is an employer engaged in an industry affecting commerce which entered into an Agreement with the Carpenters Union whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

4. The Agreement and the Collective Bargaining Agreements also bind TROPICAL to the provisions of the Agreement and Declarations of Trust which created the Trust Funds ("Trust Agreements").

5. TROPICAL is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, TROPICAL is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

7.   The Trust Funds conducted an audit of TROPICAL's books and records for the period of March 2005 through September 2005 and the auditors discovered possible related company MADISON. A request was made to review the books and records of MADISON for the same time period and an audit was completed. The audit of TROPICAL and MADISON revealed $9,521.75 in contributions owed to the Trust Funds.

8.   MADISON is related to TROPICAL and performs bargaining unit work.

9.   MADISON is a disguised continuance of TROPICAL and/or participated with TROPICAL in avoiding its Trust Fund obligations.

10.  That MADISON is the alter ego of TROPICAL and is bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from MADISON to the terms of the Collective Bargaining Agreement and Trust Agreements.

11.  Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendants are required to pay liquidated damages, interest, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

12.  Plaintiffs have complied with all conditions precedent in bringing this suit.

13.  Plaintiffs have been required to employ the undersigned attorneys to collect monies shown due and owing as a result of the audit.

14.  Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

15.  Pursuant to 29 U.S.C. §1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

   (a)   double interest; or

      (b)    interest plus liquidated damages.

WHEREFORE, Plaintiffs pray:

A. That the Court finds that the Defendant, TROPICAL CARPENTRY & WINDOWS, INC., be held jointly and severally liable as an alter-ego entity with MADISON CONSTRUCTION COMPANY, INC., and as such, be required to pay $17,855.89 in contributions shown to be owed as a result of the audit.

B. That the Defendants, TROPICAL CARPENTRY & WINDOWS, INC. and MADISON CONSTRUCTION COMPANY, INC., be ordered to pay interest on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(B).

C. That the Defendants, TROPICAL CARPENTRY & WINDOWS, INC. and MADISON CONSTRUCTION COMPANY, INC., be ordered to pay interest or liquidated damages in the amount of $19,401.01 on the amount that is due pursuant to 29 U.S.C. §1132(g)(2)(C).

D. That the Defendants, TROPICAL CARPENTRY & WINDOWS, INC. and MADISON CONSTRUCTION COMPANY, INC., be ordered to pay the reasonable attorney fees and costs incurred by the Plaintiffs. 29 U.S.C. §1132.

E. That Plaintiffs have such other and further relief as by the Court may be deemed just and equitable all at the Defendants' cost.

                                          CHICAGO REGIONAL COUNCIL OF
                                          CARPENTERS PENSION FUND, et al.

                                          By: _____
                                                RAYMOND J. SANGUINETTI

Attorney for Plaintiff
Whitfield & McGann
111 East Wacker Drive, Suite 2600
Chicago, IL 60601
(312) 251-9700
Atty. No. 6244798

4