IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE and TRAINEE PROGRAM FUND, and Their Trustees, ) ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case Number: 1:07-CV-7103 Judge Leinenweber |
| v. ) ) | Magistrate Judge Cox |
| TROPICAL CARPENTRY & WINDOWS, INC., and MADISON CONSTRUCTION COMPANY, INC. ) ) ) | |
| Defendants. ) | |

**DEFENDANT, MADISON CONSTRUCTION COMPANY'S
ANSWER AND AFFIRMATIVE DEFENSES**

NOW COMES Defendant, **MADISON CONSTRUCTION COMPANY,** by and through its attorneys, Renée L. Koehler and Leslie J. Johnson of **KOEHLER & PASSARELLI, LLC**, and for its Answer and Affirmative Defenses to Plaintiffs' Complaint, denies each and every allegation of said Complaint except as is hereinafter expressly admitted and/or qualified, and further states as follows:

**Alter-Ego Audit Collection
(TROPICAL & MADISON)**

1. This action arises under Section 502 of the Employee Retirement Income Security Act and Section 301 of the Taft-Hartley Act. (29 U.S.C. §§1132 and 185). Jurisdiction is founded on the existence of questions arising thereunder.

**ANSWER:** Defendant admits that Plaintiffs purport to file this action under the mandates of both ERISA and the Taft-Hartley Act but expressly denies that Plaintiffs' claimed allegations fall under the statutory scope of either of these federal acts, denies this Court has subject matter

jurisdiction, and further denies violation of any act alleged in Paragraph 1 of the Complaint.

2.      The CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND, the CHICAGO REGIONAL COUNCIL OF CARPENTERS WELFARE FUND and the CHICAGO REGIONAL COUNCIL OF CARPENTERS APPRENTICE AND TRAINEE PROGRAM ("Trust Funds") receive contributions from numerous employers pursuant to Collective Bargaining Agreements between the employers and the CHICAGO REGIONAL COUNCIL OF CARPENTERS, successor of the CHICAGO AND NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS, ("Union"), and therefore, are multiemployer plans. (29 U.S.C. §1002). The Trust Funds are administered at 12 East Erie, Chicago, Illinois and venue is proper in the Northern District of Illinois.

**ANSWER:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 2 of the Complaint, and affirmatively states that Defendant Madison was not bound by any such Collective Bargaining Agreements for the period of time of the audit claim of this complaint.

3.      TROPICAL is an employer engaged in an industry affecting commerce which entered into an Agreement with the Carpenters Union whereby it agreed to be bound by a Collective Bargaining Agreement or Agreements whose terms require Defendant to pay fringe benefits to the Trust Funds.

**ANSWER:** Defendant Madison is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 3 of the Complaint and Defendant Madison affirmatively states that upon information and belief, Tropical is a dissolved corporation.

4.      The Agreement and the Collective Bargaining Agreements also bind TROPICAL to the provisions of the Agreement and Declarations of Trust which created the Trust Funds ("Trust Agreements").

**ANSWER:** Defendant Madison is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint.

5.      TROPICAL is required to make contributions to the Trust Funds for each hour worked by its carpenter employees at the rate and in the manner specified in the Collective Bargaining Agreements and Trust Agreements. In addition, the Defendant is required to make contributions to the Trust Funds measured by the hours worked by subcontractors that are not signatory to a Collective Bargaining Agreement with the Union.

**ANSWER:**   Defendant Madison is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint pertaining to Tropical.  Defendant denies the averments pertaining to Madison.

6. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, TROPICAL is required to provide access to the records necessary for the Trust Funds to determine whether there has been compliance with the obligation to contribute to the Trust Funds.

**ANSWER:**   Defendant Madison is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 6 of the Complaint.

7. The Trust Funds conducted an audit of TROPICAL's books and records for the period of March 2005 through September 2005 and the auditors discovered possible related company MADISON. A request was made to review the books and records of MADISON for the same time period and an audit was completed. The audit of TROPICAL and MADISON revealed $9,521.75 in contributions owed to the Trust Funds.

**ANSWER:**   Defendant Madison is without knowledge or information sufficient to form a belief as to the truth of the averments contained in Paragraph 7 of the Complaint as it relates to an audit of Tropical's books but denies the remaining allegations of Paragraph 7 and Defendant Madison affirmatively states that it was not bound to any collective bargaining agreement or Trust Funds for the period alleged, Defendant Madison does not owe contributions as alleged, nor is it a "related company" of Tropical.

8. MADISON is related to TROPICAL and performs bargaining unit work.

**ANSWER:**   Defendant Madison denies the allegations contained in Paragraph 8 of the Complaint.

9. MADISON is a disguised continuance of TROPICAL and/or participated with TROPICAL in avoiding its Trust Fund obligations.

**ANSWER:**   Defendant Madison denies the allegations contained in Paragraph 9 of the Complaint.

10. That MADISON is the alter ego of TROPICAL and is bound to the Collective Bargaining Agreement under a single or joint employer theory. As such, plaintiffs are entitled to compliance from MADISON to the terms of the Collective Bargaining Agreement and Trust Agreements.

**ANSWER:** Paragraph ten contains a legal conclusion for which a responsive pleading is not required. To the extent that a response is required, Defendant Madison denies the allegations contained in Paragraph 10 of the Complaint.

11. Pursuant to the provisions of the Trust Agreements and the Collective Bargaining Agreements, the Defendants are required to pay liquidated damages, interest, auditor fees and all attorney fees and court costs incurred by the Trust Funds in the collection process.

**ANSWER:** Defendant denies the allegations contained in Paragraph 11 of the Complaint.

12. Plaintiffs have complied with all conditions precedent in bringing this suit.

**ANSWER:** Defendant denies the averments contained in Paragraph 12 of the Complaint.

13. Plaintiffs have been required to employ the undersigned attorneys to collect monies shown due and owing as a result of the audit.

**ANSWER:** Defendant denies the averments contained in Paragraph 13 of the Complaint.

14. Defendants are obligated to pay the attorney fees and court costs incurred by the Plaintiffs pursuant to 29 U.S.C. §1132(g)(2)(D).

**ANSWER:** Defendant denies the allegations contained in Paragraph 14 of the Complaint and affirmatively states that it is entitled to its attorneys' fees and costs pursuant to 29 U.S.C. §1132(g)(1).

15. Pursuant to 29 U.S.C. §1132(g)(2)(B), Plaintiffs are entitled to an amount equal to the greater of:

   (a) double interest; or
   (b) interest plus liquidated damages.

**ANSWER:** Defendant denies the allegations contained in Paragraph 15 of the Complaint.

## AFFIRMATIVE DEFENSES

NOW COMES Defendant, **MADISON CONSTRUCTION COMPANY,** and as for its

4

Affirmative Defenses, incorporates its Answers to the foregoing allegations of the Complaint as if such Answers were set forth in full herein, and asserts further:

**FIRST AFFIRMATIVE DEFENSE:**  As and for its First Affirmative Defense, Defendant asserts that this court has no subject matter jurisdiction of this action because Defendant does not meet the statutory definition of employer and was not bound to any Collective Bargaining Agreement during the period of time alleged in the complaint and Plaintiffs have failed to attach any such contract or collective bargaining agreement to the complaint to provide a basis for the claim.

**SECOND AFFIRMATIVE DEFENSE:**  As and for its Second Affirmative Defense, Defendant asserts that during the audit period as alleged in this complaint, Madison Construction Company was not a signatory to a collective bargaining agreement requiring contributions to Plaintiffs' Funds as alleged in the complaint.

**THIRD AFFIRMATIVE DEFENSE:**  As and for its Third Affirmative Defense, Defendant asserts that Madison Construction Company is not a successor, single or joint employer, related company, or alter ego of Tropical Carpentry & Windows, Inc.

**FOURTH AFFIRMATIVE DEFENSE:**  As and for its Fourth Affirmative Defense, Defendant asserts that Plaintiffs have failed to state a claim for which relief can be granted.

**FIFTH AFFIRMATIVE DEFENSE:**  As and for its Fifth Affirmative Defense, Defendant asserts that Plaintiffs cannot recover under either ERISA, the Taft- Hartley Act or any other basis because there are no amounts delinquent or due and owing in this matter and Defendant was never obligated to pay the amounts alleged through any contract or agreement.

**SIXTH AFFIRMATIVE DEFENSE:**  As and for its Sixth Affirmative Defense, Defendant asserts that in the alternative, full accord and satisfaction in this matter has been reached.

**SEVENTH AFFIRMATIVE DEFENSE:** As and for its Seventh Affirmative Defense, Defendant states that it is entitled to its attorneys' fees and costs pursuant to ERISA section 1132(g)(1).

**WHEREFORE,** Defendant, **MADISON CONSTRUCTION COMPANY,** respectfully requests this Honorable Court dismiss Plaintiffs' entire Complaint with prejudice on the merits for failure to state a claim upon which relief can be granted, award Defendant its reasonable costs and attorneys' fees for defending against this action, and grant such relief as this Court deems just and proper.

Respectfully submitted,

Dated: January 29, 2008          **MADISON CONSTRUCTION COMPANY**

s/     **Renée L. Koehler**
Renée L. Koehler, Esq.
KOEHLER & PASSARELLI, LLC
900 S. Frontage Road, Suite 300
Woodridge, Illinois 60517
Telephone: (630) 505-9939
Facsimile: (630) 505-9969
E-mail: rkoehler@k-pllc.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2008, I electronically filed the foregoing **DEFENDANT MADISON CONSTRUCTION COMPANY'S ANSWER AND AFFIRMATIVE DEFENSES** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Raymond J. Sanguinetti
>WHITFIELD & MCGANN
>111 East Wacker Drive, Suite 2600
>Chicago, Illinois  60601
>Email:  sangpac@sbcglobal.net

>s/    **Renée L. Koehler**
>Renée L. Koehler
>KOEHLER & PASSARELLI, LLC
>900 S. Frontage Road, Suite 300
>Woodridge, Illinois  60517
>Telephone:  (630) 505-9939
>Facsimile:  (630) 505-9969
>E-mail:  rkoehler@k-pllc.com